# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHEN LARREW | § | |
| | § | |
| V. | § | CASE NO. 4:05CV354 |
| | § | (Judge Schell/Judge Bush) |
| STUART B. WOLFE, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Stephen Larrew, filed his Complaint against a number of defendants, including his mortgage servicer and private attorneys, attempting to enjoin a foreclosure on his property in Collin County, Texas. He claims he is a man appearing *propria persona* under the Constitution of the State of Texas. He denies that he is a citizen of the United States. The Court notes several of the Defendants are Texas residents. There is no diversity jurisdiction.

Larrew alleges only one ground for federal jurisdiction. He claims that there is a federal question "of Truth in Lending Act, Real Estate Settlement Procedures Act, 12 USC Section 38A(sic) and federal foreclosure law." "Federal foreclosure law," as referenced in the complaint, is commonly referred to as The Real Estate Settlement Procedures Act (hereafter "RESPA"), 12 U.S.C. § 2601, *et seq.* Larrew's complaint, freely and liberally read, contains no allegations of any violation of RESPA. Instead Larrew asks the Court to answer a number of questions. Like most complaints filed by individuals who eschew any association or allegiance to the United States of America, his complaint is nonsensical.

Larrew also filed a motion to restrain foreclosure of his property in Collin County. On receipt of the Complaint and motion, the Court contacted the substitute trustee in an effort to hold

1

off the foreclosure while the Court reviewed the materials and held a hearing on the matters raised in the motion. The trustee agreed to do so. The Court held a brief hearing on September 15, 2005 regarding Plaintiff's request for subpoena duces tecum. At that time, the trustee agreed to furnish certain documents to the Court. The trustee complied. On October 5, 2005, the Court heard Plaintiff's Motion for Preliminary Injunction.

Both parties presented evidence. Larrew testified that he has not paid taxes on his property for the past two years since the assessor has not filed an assessment under oath that the taxes are due and owing. Aurora's representative stated that their department noted that the taxes were delinquent and paid two years of back taxes to avoid a lien and foreclosure by the appropriate taxing authorities. Aurora then demanded that Larrew pay the taxes paid by it. Larrew has refused, stating that he has not approved the taxes and that any payment by Aurora was purely voluntary. Larrew has continued to tender his mortgage payments. Evidently, he does recognize this obligation. However, Aurora has not accepted the payments for the past several months on the basis that he will not reimburse Aurora and that he is in default.

Larrew reluctantly admitted that he had received correspondence in regard to the taxes from the appropriate taxing authorities but stated that it was merely "junk mail" which he threw away. Larrew's conduct before the Court has been no different than his conduct with Aurora, obstructive and belligerent. The note and Deed of Trust were admitted as evidence. Contrary to Larrew's assertion, he agreed in his Deed of Trust, in paragraph 4, to pay all taxes, assessments, charges, fines, and impositions attributable to the property which can attain priority over the Deed of Trust. There is nothing in the Deed of Trust that lends support to Larrew's silly position that taxes have to be assessed in a certain manner according to his dictation. Aurora's representative testified that the

taxes paid were those that are contemplated by paragraph 4. Evidently, Larrew has filed something with Collin County challenging the taxes but this does not relieve him of his obligations under the Deed of Trust. Paragraph 9 of the Deed of Trust allows Aurora to do what it did; pay the taxes and demand reimbursement. Such sums are due and payable upon notice from Aurora to Larrew demanding payment. Larrew initialed the page on which this paragraph is noted. Aurora has attempted to foreclose on the property as is its right under paragraph 22.

The requirement for obtaining a preliminary injunction in this district is well settled. In order to obtain a preliminary injunction, Plaintiff is required to show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that Plaintiff will suffer irreparable harm if the injunction is denied; (3) that the threatened injury outweighs any damage the injunction may cause Defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998). Larrew has not met his burden and the motion should be denied.

## RECOMMENDATION

Based upon the foregoing, the Court recommends that Plaintiff's request for preliminary injunction be DENIED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of

factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of October, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE